IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40061
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER MORALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-96-CR-314-4
--------------------

November 10, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Javier Morales pleaded guilty to one count of conspiracy to possess with intent to distribute in excess of 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A). The district court sentenced Morales to 151 months' imprisonment and a five-year term of supervised release. Morales appeals his sentence.

Morales contends that this court must remand for sentencing because the coconspirators' statements relied on by the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court are not part of the record on appeal.  The Government has moved to supplement the record with the coconspirators statements and the transcripts of Morales's rearraigment and sentencing hearings.  The motion is GRANTED, and this argument is therefore moot.

Morales argues that the district court did not make explicit findings concerning Morales's relevant conduct in the marijuana-transportation conspiracy.  Morales did not object to the district court's findings under Fed. R. Crim. P. 32, and thus review is for plain error.  United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).  Morales has failed to meet his burden of showing that the district court committed a clear or obvious error either in its explicit findings or the findings implicit in its adoption of the presentence report.  See United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994).

Morales also contends that the district court erred in calculating the amount of marijuana attributable to him because the information on which the district court relied, including the presentence report, did not possess sufficient indicia of reliability.  This court reviews a district court's factual findings concerning the quantity of drugs implicated by the crime for clear error.  United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).  Our review of the record reveals no clear error in the district court's finding that more than 3000 kilograms of marijuana was attributable to Morales owing to the role he played in the conspiracy.

AFFIRMED.